ADELINE M. LANIGAN *vs.* JOHN L. LANIGAN.

NOVEMBER 16, 1956.

PRESENT: Condon, Andrews, and Paolino, JJ.

PAOLINO, J.  This is a wife's petition for an absolute divorce.  Before a hearing was held on the merits the trial justice denied her motion to discontinue the petition.  The case is before this court on the petitioner's single exception to such ruling.

The following pertinent facts appear from the record. The petitioner filed her petition on February 2, 1950 and thereafter an interlocutory decree was entered on February 14 awarding her custody and a weekly allowance for the support of the minor child of the parties.  After a hearing in the superior court this decree was modified by an interlocutory decree entered on June 1, 1951 whereby custody of the child was changed from petitioner to respondent, and payments for support were suspended until further order of the court.

Counsel for petitioner has briefed and argued certain contentions concerning another interlocutory decree entered by the trial justice on September 26, 1955 whereby the motion of each party to adjudge the other in contempt was denied. However, these matters are not properly before us at this time since no specific exception was taken to that ruling. The only issue here is that raised by petitioner's exception

to the ruling of the trial justice in refusing to enter a discontinuance of her petition for divorce.

On September 29, 1955 the respondent husband filed a cross petition for divorce from bed and board. On the same day petitioner, relying upon the provisions of general laws 1938, chapter 523, §2, filed a purported discontinuance of her petition for divorce, having served respondent with notice thereof. At the hearing thereon the trial justice refused to enter the discontinuance on the ground that it would injure respondent's rights, since on the record before him respondent had custody of the child by virtue of the decree entered on June 1, 1951, and a discontinuance would nullify the legal effects of that decree.

The only issue presented to the trial justice was the question whether respondent had any legal rights which would be impaired by a discontinuance of the divorce petition. He decided that the right to custody of the child, which respondent had under the prior decree and which was ultimately based on the existence of the petition, was a substantial right which would be impaired by the proposed discontinuance. He therefore denied the motion to discontinue and a decree embodying his decision was entered on October 18, 1955.

The petitioner contends that respondent has no enforceable right to such custody and that even if he has such a right respondent is estopped by his own conduct to enforce the same because he permitted the child to remain with the mother for over two and one-half years. After a careful reading of the record we are unable to agree with these contentions. When one spouse brings the other into court upon a petition for divorce certain rights arise to the respondent. *Stevens* v. *Superior Court*, 44 R. I. 282, 285. In the instant case the decree awarding custody to respondent was properly entered and was in full effect by virtue of the authority granted to the superior court by G. L. 1938, chap. 416, §§14, 16, which empowers that court to regulate the cus-

tody of children of all persons petitioning for a divorce and to enter interlocutory decrees.

The only issue presented for our determination is whether the trial justice was in error in deciding that the right to custody under the interlocutory decree of June 1, 1951 is a right which would be impaired by the entry of a discontinuance within the meaning of the provisions of G. L. 1938, chap. 523, §2. It is well established that in divorce proceedings the state is interested in protecting the marriage status and is always concerned with the welfare and custody of minor children. Custody granted by decree in a pending judicial proceeding constitutes a substantial right within the meaning of the language of the statute in question. *Brown* v. *Brown,* 51 R. I. 132, 135. By virtue of the instant decree respondent had a right to the exclusive custody of the child until further order of the court. A discontinuance of the divorce petition would nullify completely the benefits and legal effects of the decree without any direct action having been taken for the court to modify its terms as to custody.

In our judgment respondent's right to such exclusive custody would be impaired by a discontinuance within the meaning of the statute in question. *Brown* v. *Brown, supra.* It also would shift the burden of proceeding, in so far as the question of custody is concerned, from petitioner, who under the decree has no present legal right to custody, to respondent who already has the right to exclusive custody by virtue of a decree which was never modified by the court. It is our opinion that in the circumstances of the case at bar the trial justice was not in error in denying the motion to discontinue the petition.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for petitioner.

*Joseph A. Kelly,* for respondent.